IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THUNDERBIRD HOTELS, LLC,
an Oregon limited liability corporation,

        Plaintiff,

    v.

CITY OF PORTLAND, a municipal
corporation, and SAM ADAMS, in his
official capacity as a Commissioner of
the City of Portland,

        Defendants.

No. CV 08-1385-JE

OPINION & ORDER

**MOSMAN, J.**,

On September 30, 2009, Magistrate Judge Jelderks issued Findings and Recommendation ("F&R") (#47) in the above-captioned case recommending that I GRANT defendants' Motion for Summary Judgment (#10). He recommended that I dismiss the claims against the City of Portland without prejudice and dismiss the claims against Mr. Adams with prejudice. Plaintiff filed Objections (#49) to the F&R and defendants responded (#50) to those objections.

**DISCUSSION**

Plaintiff Thunderbird Hotels, LLC ("Thunderbird") objected to three different portions of the F&R. First, Thunderbird contends that Judge Jelderks ruled erroneously on two different nondispositive motions. Second, it alleges that the F&R included several improperly made factual

PAGE 1 - OPINION & ORDER

findings. Finally, Thunderbird objects to two of Judge Jelderks's legal conclusions.

I.     **Review of Nondispositive Motions**

Parties may timely file objections to a magistrate's order for nondispositive, pretrial matters. Fed. R. Civ. P. 72(a).  On review of the magistrate's order, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  There is clear error when the court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  This standard of review reflects the broad discretion accorded to magistrate judges on pretrial matters.  *See, e.g.*, *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) (stating that questions of law are reviewed de novo, while pretrial motions—such as discovery matters—are evaluated under the clearly erroneous standard of review) (citations omitted).

Thunderbird renewed its Motion to Compel (#19) as part of its Response to defendants' Motion for Summary Judgment. (*See* Pl.'s Resp. (#26) 1.) Thunderbird also sought leave to obtain a discovery deposition under Rule 56(f). (*Id.*) Judge Jelderks did not specifically rule on these motions in his F&R, likely based on his finding that Thunderbird's claims against the City of Portland are not yet ripe for review. Because I decline to vacate the F&R, as described below, and find that the documents and deposition sought by Thunderbird would not change the outcome of the ripeness finding, I DENY plaintiff's renewed Motion to Compel and Motion for Leave to Take Discovery Deposition.

II.    **Review of Factual Findings and Legal Conclusions**

With respect to dispositive motions, the magistrate judge makes only recommendations to

PAGE 2 - OPINION & ORDER

the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

In their Motion for Summary Judgment, defendants Mr. Adams and the City of Portland argued that: (1) Mr. Adams is not a proper party; (2) Thunderbird's claims are not ripe; (3) the City of Portland is not a proper defendant to claims based on the Columbia River Bridge Draft Environmental Impact Statement; (4) Thunderbird's equal protection claim fails on the merits; (5) Thunderbird's substantive due process claim fails on the merits; and (6) Thunderbird's takings claim fails on the merits. (F&R (#47) 11-12.)

Judge Jelderks analyzed each of the claims in the light most favorable to Thunderbird. (*Id.* at 11.) Judge Jelderks first found that Mr. Adam's conduct "in voting to enact and extend the development moratorium . . . was 'legislative' in nature, and subject to absolute immunity." (*Id.* at 13.) He also found that Thunderbird's federal due process and equal protection claims were not ripe for review, and declined to discuss the merits of either claim. (*Id.* at 19, 22.) Additionally, he found that both of Thunderbird's takings claims, under state and federal law, were not ripe for review. Upon

review, I agree with Judge Jelderks's recommendation. I adopt the F&R (#47) as my own opinion, and will address Thunderbird's objections to both factual findings and conclusions of law in the following analysis.

### A.     *Findings of Fact*

Thunderbird contends that the F&R included "improperly made findings with respect to material and disputed matters of fact . . . ." (Pl.'s Objections (#49) 2.) Specifically, Thunderbird cites the following as improper: (1) "[the court's] finding concerning the June 2002 'recommendations' of the Bi-State I-5 Transportation and Trade Partnership Task Force for improvements of the I-5 freeway, including the I-5 bridge"; (2) "[the court's] finding regarding the applicability of discretionary land use review procedures to Thunderbird's property"; (3) "[the court's] finding that defendant City of Portland's planning process for adoption of the Hayden Island Plan . . . began in 'early 2007'"; and (4) "[the court's] finding, to the extent the issue is factual, that Thunderbird's takings claim under [state law] is not ripe." (*Id.*)

Thunderbird makes its first two factual objections based, in part, on "apparent" "inference[s]" or "implication[s]" in the F&R. (*See* Pl.'s Objections (#49) 6-8 ("The point of the Court's finding appears to be that Thunderbird ought to have known better . . . ."; "The Court, again, appears to have improperly drawn an inference against Thunderbird . . . ."; "the apparent implication of the Court's finding . . . .").) I decline to read these negative inferences into Judge Jelderks's language.

Furthermore, the absence of the first three factual findings to which Thunderbird objects would not actually change the outcome of Judge Jelderks's recommendation regarding ripeness. The fourth factual objection more appropriately goes to the legal conclusion that Thunderbird's takings claim under Oregon law is not ripe. Even assuming the truth of the specific facts listed by

PAGE 4 - OPINION & ORDER

Thunderbird in this fourth factual objection, the central fact remains that Thunderbird failed to make a meaningful development application to the city, rendering its claim unripe for review.

### B.     *Conclusions of Law*

Thunderbird objects to Judge Jelderks's legal conclusions regarding both its takings claims under both state and federal law. I will discuss each in turn.

#### 1.     Oregon Takings Claim

Thunderbird's primary protest is Judge Jelderks's refusal to apply the futility exception to its takings claim under Oregon law. (*See* Pl.'s Objections (#49) 10 ("The Court's error lies in its rigid application of . . . the 'one application' 'rule'").) Thunderbird cites two Oregon Court of Appeals cases that recognize application of the futility exception when there exists little or no chance that the applicant could obtain permission or approval for development. (*Id.* at 10-11 (citing *Boise Cascade Corp. v. Bd. of Forestry*, 63 P.3d 598 (Or. App. 2003); *Larson v. Multnomah County*, 854 P.2d 476, *adhering to previous opinion*, 859 P.2d 574 (Or. App. 1993)).)

Thunderbird's continued argument that *Larson* and *Boise Cascade* counsel application of the futility exception under the present circumstances is misplaced. As Judge Jelderks discussed in the F&R, neither of those cases excuses an *initial* application for development. (*See* F&R (#47) 20-21.) Rather, both cases discuss application of the futility exception when *further* applications or amendments would prove futile.

In *Larson*, the opening sentence of the first opinion demonstrates this key difference: "Petitioners seek review of LUBA's decision affirming Multnomah County's denial of their application to develop a marina . . . ." 854 P.2d at 477. The petitioners in *Larson* argued that "the *denial of the application* deprived them of 'all economically beneficial use.'" *Id.* (emphasis added).

PAGE 5 - OPINION & ORDER

The Oregon Court of Appeals described the policy behind the limited application of the futility exception:

> [A]rguments based on the futility exception to the ripeness rule should seldom be entertained and should not ever be considered if they amount to nothing more than predictions about the success of applications to the local governments. The underpinning for our conclusions [in *Joyce v. Multnomah County*, 835 P.2d 127 (Or. App. 1992) and *Dority v. Clackamas County*, 838 P.2d 1103 (Or. App. 1992)] was that the court should not use the futility rationale as a device for making decisions about the permissibility of uses that are for other branches or levels of government to make initially.

*Larson*, 854 P.2d at 478 (citations omitted). *Boise Cascade* similarly involved an initial application, and the parties subsequently argued whether *further* application would have proved futile. 63 P.3d at 600 ("the board denied Boise's plan to harvest timber . . . [so] Boise initiated this action for inverse condemnation"); *id.* at 605 ("we conclude that . . . the 'futility' exception will not apply unless the party claiming futility can show that there was very little likelihood . . . that the development would have been approved had that party taken *further* steps to obtain approval.") (emphasis added).

Thunderbird focuses its objection on the alleged futility of an application for a zone change or plan amendment, but this argument continues to miss the threshold point that Oregon law requires Thunderbird to seek an initial application for development, at a minimum. (*See* Pl.'s Resp. (#49) 11 ("the situation . . . would not have been remedied by applying for a zone change or a plan amendment"); *see also Larson*, 854 P.2d at 478-79 ("Although we do not now decide whether a plan or zoning amendment must invariably be sought to achieve ripeness, we do hold that at least one application must be made after the initial denial . . . .").) I therefore follow Judge Jelderks's recommendation in finding that Thunderbird's state law takings claim is not ripe for review.

### 2. Federal Takings Claim

In its objection to Judge Jelderks's finding that the federal takings claim is not ripe, Thunderbird cites to a recently decided Ninth Circuit opinion emphasizing the prudential nature of the federal ripeness requirement. (Pl.'s Objections (#49) 12 (citing *Guggenheim v. City of Goleta*, 582 F.3d 996 (9th Cir. 2009)).) Because that opinion was issued only two days prior to Judge Jelderks's F&R and discussed for the first time in Thunderbird's Objections, I take it up briefly here.

Thunderbird's argues that this court would be prudent to stay, rather than dismiss, the federal takings claim. (Pl.'s Objections (#49) 13.) This argument extends from the assertion that Thunderbird's state takings claim is ripe as a matter of Oregon law. (*Id.*) Because I agree with Judge Jelderks that Thunderbird's state law takings claim is not ripe, I do not find this argument persuasive. Additionally, *Guggenheim* presents a factual and procedural posture that is simply not analogous to the present case. There, the defendant city "forfeited its claim that the case was not ripe for decision" and the parties had already "litigated and settled several state law issues relevant to the alleged taking" in state court, persuading the Ninth Circuit to reach the merits of the takings claim. *Guggenheim*, 582 F.3d at 1011-12. Because this case does not present facts to support a similar analysis, I follow Judge Jelderks's recommendation in finding that Thunderbird's federal law takings claim is not ripe for review, nor should it be stayed.

//
//
//
//
//
//
//
//
//

PAGE 7 - OPINION & ORDER

## CONCLUSION

Accordingly, I ADOPT Judge Jelderks's F&R (#47) as my own opinion. Plaintiff's claims against the City of Portland are dismissed without prejudice and its claims against Mr. Adams are dismissed with prejudice.

IT IS SO ORDERED.

DATED this  5th  day of November, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court